Brady, P. J.
The defendant was arrested for grand larceny upon a complaint made by the plaintiff, and after the grand jury had ignored the indictment, this action was commenced, and an order holding the defendant to bail in the sum of §10,000 procured from the justice presiding at chambers. An application was made on notice to vacate the order of arrest to the same justice and upon the papers on which the order was granted; and in that proceeding the amount in which the defendant was to be held to bail was reduced to the sum of $250. The defendant subsequently made a motion to vacate the order of arrest, on affidavits, to the same justice, who, upon due deliberation, discharged it and exonerated the bail from liability.
Without going into details, which is not regarded as necessary, and particularly as the facts and circumstances must, if the action be continued, be considered by a jury upon the question of probable cause, it is deemed sufficient to say that the affidavits are conflicting, and that the plaintiff’s case is not so satisfactorily established on the record as to justify the continuance of the order of arrest. In an action of this character, under the rules which prevailed before the enactment of the Code, it was not usual to grant ail order of arrest unless the defendant was about to leave the jurisdiction of the court, an element which the plaintiff’s counsel seems to have observed in the presentation of his papers for the order of arrest herein, inasmuch as he states in his affidavit that he was informed the defendant intended to leave the country, although his informant denies that he made any such communication.
The. application of the defendant to vacate the. order of arrest having been presented to the learned justice of the court below who granted it, we do not feel disposed to interfere with the ultimate disposition of it made by him, nor would we, under such circumstances, reverse such a result, unless satisfied that the learned justice was clearly wrong in the disposition made of the motion.
The order reducing the bail to $250 seems to have been irregularly made, inasmuch as it has been held that an application to vacate an order of arrest does not embrace one to reduce the amount of bail. The questions involved in the two motions are properly said to be distinct and independent of each other, resting on different facts. Smith v. Spalding, 30 How.., 339; approved in Jones v. Cook, 11 Hun, 231.
Indeed, section 567 of the Code by its phraseology con *647 templates either a union of the motion to vacate and to reduce the amount of bail or a separate application, and that is generally the manner in which the court is approached for the .exercise of its power. The application, however, was simply to vacate the order of arrest. But the appeal in reference to that proceeding is unimportant except upon the question of costs, inasmuch as the order of arrest has been vacated. The appeal from the order refusing to strike out the words “or to reduce the amount of bail,” in strictness should be sustained, therefore, for aught that appears in the record.
It is proper to say in conclusion that upon an original consideration of all the facts and circumstances disclosed by the record in this case we might have arrived at a conclusion different from that of the justice who presided in the court below, but that is no reason why we should interfere with the disposition made of the motion from the result of which the appeal was taken. We make this suggestion in order that the plaintiff may have the benefit and advantage of his case as presented without any prejudice resulting from our declination to interfere with the order vacating the order of arrest. We think also that under the peculiar circumstances of this case, costs should be allowed to the appellant on the appeal from the order denying a re-settlement and no costs to either party on either of the other appeals.
Ordered accordingly.
Macomber and Daniels, JJ., concur.